NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 08-30468 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 3:08-CR-00007-JKS |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| IMAD SALIM HEREIMI, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |

On Remand from the United States Supreme Court

Before:    FERNANDEZ, KLEINFELD, and CLIFTON, Circuit Judges.

After a jury verdict, the district court issued a judgment of conviction against Hereimi for honest services fraud. We affirmed the district court, but the Supreme Court vacated our decision and remanded "for further consideration in light of Skilling v. United States, 561 U.S. ___, [130 S. Ct. 2896] (2010)." Having done so, it is apparent to us that this case was tried and argued to the jury solely on the

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

theory of honest services fraud that was rejected in <u>Skilling</u>. <u>See</u> <u>id.</u> at ___, 130 S. Ct. at 2931; <u>see also</u> <u>McNally v. United States</u>, 483 U.S. 350, 360, 107 S. Ct. 2875, 2882, 97 L. Ed. 2d 292 (1987) (conviction reversed where "there was no charge and the jury was not required to find that the [State] itself was defrauded of any money or property.") Moreover, the jury was instructed and brought in a verdict on that theory alone. Therefore, we reverse the judgment and remand to the district court for further proceedings. <u>See</u> <u>United States v. Moreland</u>, 604 F.3d 1058, 1076–78 (9th Cir. 2010); <u>see also</u> <u>Johnson v. United States</u>, 520 U.S. 461, 468, 117 S. Ct. 1544, 1549, 137 L. Ed. 2d 718 (1997) (where at time of trial law "settled and clearly contrary to the law at time of appeal," error still plain); <u>United States v. Hilling</u>, 891 F.2d 205, 206–08 (9th Cir. 1989) (when jury instructed on improper intangible right theory, conviction reversed).

REVERSED and REMANDED.